1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11   BRASSERIE DE TAHITI, a Tahitian          Case No. 2:22-CV-3363-RGK-GJS
     corporation,
12                                            STIPULATED PROTECTIVE ORDER[1]
     Plaintiff,
13                                            The Honorable Magistrate Judge Gail J.
     v.                                                      Standish
14
     OCEANDLESS DESIGNS, INC., a California
15   corporation; AJALANI MAKAENA, an
     individual; OCEANDLESS DESIGNS, LLC, a
16   dissolved California limited lability company;
     and DOES 1 to 10,
17
                          Defendants
18

19

20   1.       A. PURPOSES AND LIMITATIONS

21           Discovery in this action is likely to involve production of confidential, proprietary, or

22   private information for which special protection from public disclosure and from use for any

23   purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

24   stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties

25   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

26   discovery and that the protection it affords from public disclosure and use extends only to the

27   limited information or items that are entitled to confidential treatment under the applicable legal

28   ---
     [1] This Stipulated Protective Order is substantially based on the model protective order provided
     under Magistrate Judge Gail J. Standish's Procedures.

principles.

## B. GOOD CAUSE STATEMENT

This action is likely to involve confidential, proprietary, or sensitive materials and valuable commercial, operational, and financial information of the parties, as well as such materials and information of third parties, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things: (a) confidential and proprietary materials and information (e.g., sketches, notes, worksheets, communications, etc.) related to the conception, creation and development of fashion garment designs (e.g., pattern, style, motif, construction, shape, etc.), including unreleased and in-progress projects; (b) confidential business or financial information (i.e., pricing lists, vendor contacts, contract terms, etc.); (c) information regarding confidential business practices (e.g., agreements and practices with and of vendors, contractors, etc.); and (d) information implicating privacy rights of third parties, that is generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  In particular, such confidential and proprietary materials and information includes the aforementioned types of materials and information belonging to the Parties, respectively, as well as related to (and in some cases belonging to) third parties that are or may be contract counterparties, vendors, and/or competitors of Plaintiff. Accordingly, the disclosure of such materials and information would result in significant competitive harm to, without limitation, Plaintiff, Defendants, and those third parties, as well as the forgoing individuals and entities' business relationships with those third parties, vendors, designers, business contacts, and other entities integral to the Parties' and third parties' businesses. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the

litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The parties agree to abide by all parts of L.R. 79-5.2.2 and to promptly respond to communications related to any party filing a document marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly

1  tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605

2  F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought

3  to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking

4  protection must articulate compelling reasons, supported by specific facts and legal justification,

5  for the requested sealing order.  Again, competent evidence supporting the application to file

6  documents under seal must be provided by declaration.

7       Any document that is not confidential, privileged, or otherwise protectable in its entirety

8  will not be filed under seal if the confidential portions can be redacted. If documents can be

9  redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or

10  otherwise protectable portions of the document shall be filed. Any application that seeks to file

11  documents under seal in their entirety should include an explanation of why redaction is not

12  feasible.

13  2.    <u>DEFINITIONS</u>

14       2.1    <u>Action</u>: This pending federal lawsuit.

15       2.2    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of

16  information or items under this Order.

17       2.3    <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is

18  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

19  of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

20       2.4    <u>"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or</u>

21  <u>Items</u>: any Confidential information containing highly sensitive and proprietary strategic planning,

22  financial, customer, technical or trade secret information that the designing party or non-party

23  respondent in good faith and for an articulable reason or reasons believes would cause severe

24  damage to it or to a non-party if such information were to be disclosed to another party.

25       2.5    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support

26  staff).

27

28                                    -4-

2.6     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY".

2.7     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: Any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY".

2.16   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action. The parties may stipulate that the they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY maintained pursuant to this Protective Order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).   Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

        5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        (a)      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL" legend), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

1    identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2          A Party or Non-Party that makes original documents available for inspection need not

3    designate them for protection until after the inspecting Party has indicated which documents it

4    would like copied and produced. During the inspection and before the designation, all of the

5    material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL - ATTORNEY'S EYES ONLY." After the inspecting Party has identified the

7    documents it wants copied and produced, the Producing Party must determine which documents,

8    or portions thereof, qualify for protection under this Order. Then, before producing the specified

9    documents, the Producing Party must affix the appropriate confidentiality designation to each page

10   that contains Protected Material. If only a portion or portions of the material on a page qualifies for

11   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

12   appropriate markings in the margins).

13         (b)     For testimony given in depositions that the Designating Party identify the Disclosure

14   or Discovery Material on the record, before the close of the deposition, all protected testimony. The

15   Designating party has 30 days following the receipt of the official transcript by the Designating

16   Party to identify the specific portions of the testimony as to which protection is sought. Only those

17   portions of the testimony that are appropriately designated for protection within the 30 days shall

18   be covered by the provisions of this Protective Order. Alternatively, a Designating Party may

19   specify, at the deposition or hearing or up to 30 days following receipts of the official deposition

20   transcript by the Designating Party if that period is properly invoked, that the entire transcript shall

21   be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES

22   ONLY".

23         Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or

24   other proceeding to include Protected Material so that the other parties can ensure that only

25   authorized individuals who have signed the "Acknowledgement and Agreement to be Bound"

26   (Exhibit A) are present at those proceedings. Parties shall act with caution at court hearings and

27

28                                              -8-

conferences so as not to disclose Protected Material publicly without providing an opportunity for the Designating Party to be heard concerning, as appropriate, sealing the courtroom, sealing the transcript, or other relief. For court hearings and conferences, a Party shall provide at least 48 hours' notice to the Designating Party before discussing, displaying, submitting as evidence, or otherwise entering into the record any Protected Material produced by the Designating Party. Notwithstanding the foregoing sentence, this advance-notice requirement shall not apply in circumstances where the Party could not have reasonably anticipated so using Protected Material at the court hearing or conference. The Designating Party may move to seal the Protected Material or for other relief either in writing or orally, either before or during the court hearing or conference. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the titled page that the transcripts contain Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.     If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

        6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

        6.3      Judicial Intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed

1    upon by any of the parties engaged in settlement discussions.

2         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

3    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

4    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

5    CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

6         (a)    the Receiving Party's Outside Counsel of Record in this Action; the Receiving

7    Party's In-House Counsel to whom it is reasonably necessary to disclose the information; and

8    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

9    information for this Action;

10        (b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

11   reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement

12   to Be Bound" (Exhibit A);

13        (c)    the court and its personnel;

14        (d)    court reporters and their staff;

15        (e)    professional jury or trial consultants, mock jurors, and Professional Vendors to

16   whom disclosure is reasonably necessary for this Action and who have signed the

17   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18        (f)    the author or recipient of a document containing the information or a custodian or

19   other person who otherwise possessed or knew the information;

20        (g)    during their depositions, witnesses, and attorneys for witnesses, in the Action to

21   whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness

22   sign the form attached as Exhibit A hereto; and (2) attorneys for witnesses will not be permitted to

23   keep any HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information unless they sign

24   the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

25   Designating Party or ordered by the court. For the avoidance of doubt, witnesses will not be

26   permitted to retain copies of any HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

27

28                                          -12-

information following the conclusion of the deposition absent an express agreement by the parties to the contrary, which agreement shall be effective only upon its reduction to writing.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Nothing in this Section 7.3 shall be construed to prevent the Parties from agreeing that specified documents designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" hereunder, or categories of such documents, may be disclosed to specified individuals or categories of individuals not set forth in this Section.

7.4    <u>Custody of Executed Copies of "Acknowledgment and Agreement to Be Bound" (Exhibit A) and Providing Copies to other Party</u>. As to each executed copy of an "Acknowledgment and Agreement to Be Bound" (Exhibit A) required to be procured by a Party under this Protective order, the procuring party shall retain the original executed copy and shall produce a copy to the other party upon Court order. All such executed copies of Exhibit A shall themselves be treated as CONFIDENTIAL information. Notwithstanding any contrary language in this Protective Order with respect to retaining CONFIDENTIAL information following final disposition of this Action, each party and its Outside Counsel of Record may retain executed copies of Exhibit A indefinitely.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, and that agreement does not by its terms authorize production of the Non-Party's confidential information under the terms of this Stipulated Protective Order (*e.g.*, by authorizing production of information subject to a confidentiality designation), then the Party shall:

-14-

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of transmission of the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), in the event that privileged or protected material is inadvertently produced or disclosed, such inadvertent production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable protection in this case or any other federal or state proceeding, provided that the Producing Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may

-16-

1  file the information in the public record unless otherwise instructed by the court.

2      12.4   <u>Right to Seek Further Protection</u>. Nothing in this Stipulated Protective Order shall

3  be construed to preclude any Party from asserting in good faith that certain Protected materials

4  require additional protections. The Parties shall meet and confer to agree upon the terms of such

5  additional protection.

6      12.5   <u>Additional Signatories</u>. Any Party or Non-Party to this Proceeding who has not

7  executed this Stipulated Protective Order as of the time it is presented to the Court for signature

8  may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and

9  dating a copy thereof and filing the same with the Court, and serving copies of such signed and

10  dated copy upon the other Parties to this Stipulated Protective Order.

11  13.   <u>FINAL DISPOSITION</u>

12      After the final disposition of this Action, as defined in paragraph 4, within 60 days of a

13  written request by the Designating Party, each Receiving Party must return all Protected Material

14  to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

15  includes all copies, abstracts, compilations, summaries, and any other format reproducing or

16  capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

17  the Receiving Party must submit a written certification to the Producing Party (and, if not the same

18  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

19  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

20  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

21  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel

22  and each Party are entitled to retain an archival copy of all pleadings, motion papers, trial,

23  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

24  expert reports, attorney work product, and consultant and expert work product, even if such

25  materials contain or attach Protected Material.  For the avoidance of doubt, the foregoing sentence

26  shall entitle the Parties and Counsel only to retain Protected Material that is contained or

27

28                                           -17-

incorporated in, or attached to, the materials described in said foregoing sentence.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or evidentiary, terminating, or monetary sanctions.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: March 20, 2023

*/s/ Diego B. Flores*
_____

Attorney for Plaintiff


DATED: March 20, 2023

*/s/ Kainoa Asuega*
_____

Attorney for Defendants


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  March 21, 2023

_____

HON. GAIL J. STANDISH

United States Magistrate Judge


-18-

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Central District of California on [date] in the case of

Brasserie de Tahiti v. Oceandless Design, Inc., et al (2:22-cv-03363-RGK-GJS). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the

United States District Court for the Central District of California for the purpose of enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint   _____[print or type

full name] of _____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____